UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JENNIFER GUIMARAES,** | Civ. No. 2:12-cv-01250 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **TJX COMPANIES, INC.,** *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Jennifer Guimaraes brings this employment discrimination action against HomeGoods, Inc. ("HomeGoods") and TJX Companies, Inc. (collectively "Defendants"). This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

I.   BACKGROUND

Plaintiff is an individual who resides in Fords, New Jersey. Defendant HomeGoods is a corporation engaged in the sale of retail merchandise, with stores located throughout New Jersey. Defendant TJX Companies, Inc. is the parent corporation of HomeGoods.

On August 2, 2004, Plaintiff was hired by HomeGoods as a full time employee in the receiving department. Plaintiff was eventually promoted to Assistant Manager. The Complaint alleges that, while Plaintiff was an Assistant Manager in a HomeGoods in Union, New Jersey, Plaintiff's District Manager, Keith Hanson, made numerous and repeated sexual advances toward Plaintiff. Shortly thereafter, Plaintiff and Hanson began having a sexual affair. After the affair began, Hanson began treating Plaintiff differently at work, at times ignoring her and making her feel as if she had to work harder than everyone else. Eventually, Plaintiff's husband found out about the affair and Plaintiff ended the affair.[1]

---

[1] The Amended Complaint does not provide dates for any of these events.

On June 19, 2009, Hanson transferred Plaintiff to a HomeGoods store in Riverdale, New Jersey. Plaintiff was unhappy with the transfer because the store in Riverdale was far from her home. Plaintiff repeatedly asked Hanson to transfer her back to the Union store, or another store closer to her home. Hanson refused, saying that Plaintiff had to be interviewed by another store manager in order to transfer. When Plaintiff asked another District Manager about the proper procedures for transferring, she was told that transfers were within each District Manager's discretion.

Plaintiff alleges that her new superiors at the Riverdale location treated her poorly. Plaintiff alleges that she immediately noticed that the Riverdale store personnel did not follow the proper procedures regarding time cards. She asked her District Manager to explain the proper time card procedures to her, and then she relayed that information to her superiors in Riverdale, yet her superiors continued to fail to follow proper procedures. Plaintiff repeatedly followed up with her superiors regarding the correct procedure. Plaintiff alleges that, as a result of these reminders, her job tasks and functions were reduced.

Plaintiff alleges that, on February 25, 2011, she had a conversation with the Loss Prevention department. Plaintiff was told that the conversation was "just a chat" and that the information discussed would be "off the record." Am. Compl. ¶ 14. Plaintiff alleges that she "complained how she did not trust Mike or Phyllis and how she moderately trusted Bob and reported several incidents actions [sic] taken by Mike and Phyllis which were contrary to company policy and protocol." *Id.* Plaintiff does not explain who Mike, Phyllis, and Bob are. On March 3, 2011, Loss Prevention relayed the contents of the complaints to Bob, and Bob fired Plaintiff without providing her with a valid reason for the termination.

Plaintiff also alleges that she was forced to work up to 70 hours per week, but was not paid overtime wages. She alleges that she was not exempt from overtime wages.

On January 17, 2012, Plaintiff filed a complaint in the Superior Court of New Jersey, Middlesex County, Law Division, asserting claims under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"). On February 23, 2012, Plaintiff filed an Amended Complaint, which included a federal claim for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). On February 29, 2012, Defendants removed the action to this Court. Defendants now move to dismiss the Amended Complaint.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under

Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

### III.   DISCUSSION

Plaintiff's Amended Complaint asserts 5 causes of action:

(1) Count 1:  Sexual Harassment in Violation of the NJLAD;
(2) Count 2:  Retaliation in Violation of the NJLAD;
(3) Count 3:  Gender Discrimination in Violation of the NJLAD;
(4) Count 4:  Wrongful Termination in Violation of the NJLAD; and
(5) Count 5:  Violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

Defendants have moved to dismiss all five Counts. Plaintiff moves for leave to amend to add an additional claim. The Court will address each Count of the Amended Complaint in turn, followed by Plaintiff's motion to amend.

### A.  Count 1: Sexual Harassment in Violation of the NJLAD

In Count 1, Plaintiff asserts a claim for *quid pro quo* sexual harassment in violation of the NJLAD. Defendants move to dismiss. The Court finds that the motion to dismiss Count 1 should be granted.

"*Quid pro quo* sexual harassment occurs when an employer attempts to make an employee's submission to sexual demands a condition of his or her employment." *Lehmann v. Toys R Us, Inc.*, 132 N.J. 587, 601 (1993). "It involves an implicit or explicit threat that if the employee does not accede to the sexual demands, he or she will lose his or her job, receive unfavorable performance reviews, be passed over for promotions, or suffer other adverse employment consequences." *Id.*; *see also Bonenberger v. Plymouth*

*Twp.*, 132 F.3d 20, 28 (3d Cir. 1997) ("[*Q*]*uid pro quo* harassment requires a direct conditioning of job benefits upon an employee's submitting to sexual blackmail.").

In this case, Plaintiff fails to allege either a *quid* or a *quo*. Plaintiff does not allege that Hanson offered her any job benefits in exchange for sexual favors. If anything, the allegations in the Amended Complaint suggest that Plaintiff received worse treatment at work while she was having the affair. Plaintiff also fails to allege that she was denied benefits because she did not accede to Hanson's sexual demands. For example, Plaintiff does not allege that Hanson refused to transfer her back to the Union store because she refused to re-start their affair. In addition, most of Plaintiff's allegations fall outside of the NJLAD's two-year statute of limitations period. *See Henry v. N.J. Dep't of Human Servs.*, 9 A.3d 882 (N.J. 2010) (citation omitted). Plaintiff filed suit on January 17, 2012. Thus, she cannot obtain relief for any alleged wrongs suffered before January 17, 2010.

Accordingly, the motion to dismiss Count 1 is **GRANTED**, and Count 1 is **DISMISSED WITHOUT PREJUDICE**.

### B. Count 2: Retaliation in Violation of the NJLAD

In Count 2, Plaintiff asserts a claim for retaliation under the NJLAD. Specifically, Plaintiff alleges that she was terminated because she reported violations of company policy at the Riverdale store. In order to establish a *prima facie* claim for retaliation under the NJLAD, plaintiff must demonstrate: (1) that she engaged in protected activity; (2) the activity was known to the employer; (3) plaintiff suffered an adverse employment decision; and (4) there existed a causal link between the protected activity and the adverse employment action. *Craig v. Suburban Cablevision, Inc.*, 140 N.J. 623, 629-30 (1995), *aff'd*, 140 N.J. 623 (1995). Protected activity requires a complaint of "discrimination on the basis of race, color, religion, sex, or national origin." *Davis v. City of Newark*, 417 Fed. App'x 201, 202 (3d Cir. 2011). In this case, Plaintiff does not allege that she made any complaints about NJLAD-prohibited discrimination. Rather, Plaintiff's alleged complaints stemmed from concerns that her superiors violated proper procedures "regarding time cards." Am. Compl. ¶ 11. Accordingly, the motion to dismiss Count 2 is **GRANTED**, and Count 2 is **DISMISSED WITH PREJUDICE**.

### C. Count 3: Gender Discrimination in Violation of the NJLAD

In Count 3, Plaintiff asserts a claim for gender discrimination in violation of the NJLAD. Specifically, Plaintiff argues that Hanson sexually harassed her "because she was a woman, therefore her sex was a but-for cause of the harassment." Pl.'s Opp. Br. at 8. This one allegation, standing alone, is wholly insufficient to state a claim for gender discrimination under the NJLAD. *See Connolly v. Mitsui O.S.K. Lines (Am.), Inc.*, No. 04-5127, 2007 WL 4207836, *7 (D.N.J. Nov. 21, 2007) (Merely "mentioning the word 'gender' [does not] afford Plaintiff a gender discrimination claim that can justify the

effort of discovery under Rule 8(a)."). Accordingly, the motion to dismiss Count 3 is **GRANTED**, and Count 3 is **DISMISSED WITH PREJUDICE**.

### D. Count 4: Wrongful Termination in Violation of the NJLAD

In Count 4, Plaintiff asserts a claim for wrongful termination under the NJLAD. Plaintiff's wrongful termination claim simply repeats the same allegations made in the first two Counts of her Amended Complaint, and it fails for the same reasons. Further, Plaintiff appears to be abandoning this claim, as she declined to address it altogether in her opposition brief. *See Michel v. Wicke*, No. 10-3892, 2011 U.S. Dist. LEXIS 81153, at *6 (D.N.J. July 25, 2011) ("Plaintiff fails to address this issue in his opposition to the Motion to Dismiss. As such, this argument is deemed abandoned by the Court."). Accordingly, the motion to dismiss Count 4 is **GRANTED**, and Count 4 is **DISMISSED WITH PREJUDICE**.

### E. Count 5: Violation of the FLSA

In Count 5, Plaintiff asserts a claim for overtime pay under the FLSA. To state a claim under 29 U.S.C. § 216(b), a plaintiff must allege that: (1) the defendant was engaged in commerce; (2) plaintiff was an employee; and (3) plaintiff worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty. *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *5 (W.D. Pa. Nov. 9, 2010). With respect to the third factor, most district courts require FLSA plaintiffs to plead facts with "enough heft to establish the plaintiff's right to relief." *Id.* at *7 (internal quotations omitted); s*ee also id.* at *6 (collecting cases). In this case, the allegations in the Amended Complaint are too thin to support Plaintiff's claim for overtime pay. For example, Plaintiff fails to explain what her job responsibilities were, how much she was paid, approximately how many overtime hours she worked, what Defendants' policy was with respect to overtime, and why she was a non-exempt employee. Accordingly, the motion to dismiss Count 5 is **GRANTED**, and Count 5 is **DISMISSED WITHOUT PREJUDICE**.

### F. Plaintiff's Motion to Amend

Plaintiff moves to amend the Counts of her Amended Complaint that were insufficiently pled. In addition, Plaintiff seeks leave to amend the Amended Complaint to add a claim for retaliation under New Jersey's Conscientious Employee Protection Act ("CEPA"). The Court recognizes that Plaintiff filed her Amended Complaint in New Jersey Superior Court where pleading standards are lower than in federal court. Accordingly, the Court will grant Plaintiff leave to amend Counts 1 and 5. The Court will also grant Plaintiff's request for leave to add a CEPA claim.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**. Counts 2, 3, and 4 are **DISMISSED WITH PREJUDICE**. Counts 1 and 5 are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's request for leave to add a CEPA claim is **GRANTED**. An appropriate order follows.

       /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 20, 2012**